UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Minh Trieu Doan, | Case No.: 16-cv-0841-BAS-AGS |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION ON SUMMARY JUDGMENT MOTIONS (ECF Nos. 16, 22)** |
| v. | |
| Nancy Berryhill, | |
| Defendant. | |

In a disability hearing, may a judge cut off cross-examination after just one question? Perhaps. But not under these circumstances. In this case, the Administrative Law Judge halted the cross-examination of the key adverse expert after one response—right as he was about to be confronted with a report that undermined his opinion. That report, which the expert had never seen, might have changed his opinion altogether. Due process demanded more.

## BACKGROUND

**A.     The Missing Lessner Report**

This is the case of the incredible vanishing report. On August 21, 2010, Milton Lessner, Ph.D., wrote a report about five objective psychological tests he conducted on plaintiff Minh Trieu Doan. Based on these tests, Dr. Lessner concluded that Doan suffered from major depression with psychotic features, dementia due to head trauma, and post-

1

traumatic stress disorder, all of which made him "appear[] to be unemployable." (ECF No. 16-2, at 5, 10.) Based in part on this report, Doan requested a hearing on his Social Security disability-benefits application.

After a 2011 hearing, the Administrative Law Judge ordered further medical development because the only medical evidence in the record was "a psychological report dated August 21, 2010 from Dr. Lessner (Exhibit 15)." (AR 90.) By the next hearing in 2013, however, that report went missing and the same ALJ—apparently forgetting he previously reviewed it—concluded that the report might not exist. (AR 22.)

We may never learn how the Lessner report pulled this disappearing act, but Doan's attorney suggested in oral argument to this Court that it was lost in the transition to a new system. It seems that between the 2011 and 2013 hearings, the agency converted Doan's case from paper to an electronic file. Doan's attorney received two discs containing the digital record—one on the morning of the 2013 hearing and one months beforehand—and she swears both included the Lessner report. But that report was absent from the ALJ's copy of the digital record.

### B. The Short-Lived Cross-Examination of Dr. McDevitt

This discrepancy was laid bare during the cross-examination of independent medical expert Robert McDevitt, M.D., who appeared by telephone. (AR 31.) The second question by Doan's attorney concerned the Lessner report, but the ALJ cut her off, saying that report was not in their electronic files. (AR 60-62.) Counsel then tried to present a paper copy, but the ALJ refused and instead said that "we'll continue the hearing."[1] (AR 64.)

---

[1] The ALJ was understandably perturbed. He began the proceedings by reciting the exhibits to be admitted. Although that list omitted the Lessner report, Doan's attorney did not object. (AR 22, 32.) Ultimately, Doan's attorney moved to introduce three exhibits that she realized were not on the ALJ's evidence disc. (AR 39, 60-64.) At oral argument before this Court, Doan's attorney recalled that she tried to physically hand the last of these—the Lessner report—to the ALJ, but the judge declined.

2

But that continued hearing never occurred. Instead, a few weeks later the ALJ simply ruled that Doan suffered from depression that was not disabling. (AR 16, 24.) He gave no weight to the five medical experts who supported Doan's disability claim. He disregarded "Dr. Lessner's alleged medical report," because it was not in evidence and because he—incorrectly—presumed that it contained only "subjective complaints . . . without objective testing." (AR 22.) And he rejected the opinions of Doan's other four medical experts on the ground that there were "no objective psychological tests" to "support [their] conclusory statements," although Doan's treating psychiatrist in fact relied on Dr. Lessner's testing. (AR 22.) Instead, the ALJ gave great weight to the opinion of Dr. McDevitt, who never saw the Lessner report. According to Dr. McDevitt, "without supporting medical records," he "could not determine if the claimant was impaired at all." (AR 23.) The ALJ found this conclusion compelling, in part, because Dr. McDevitt was able to review "the claimant's entire medical record" and "was subject to cross examination by the claimant's counsel." (*Id.*)

## DISCUSSION

"[U]nder the Fifth Amendment, procedural due process requires disability claimants to be afforded a full and fair hearing." *Martise v. Astrue*, 641 F.3d 909, 921-22 (8th Cir. 2011) (citation omitted). Doan's primary argument is that he was denied this right in several ways: (1) he had almost no opportunity to cross-examine the main adverse witness; (2) the ALJ never considered the keystone to his case, the Lessner report; and (3) he had no opportunity to cross-examine a vocational expert. In addition, he contends that several of the ALJ's findings were not supported by substantial evidence, including: (4) rejecting the opinions of his five medical experts, including at least two treating doctors; and (5) rejecting his own testimony as well as his mother's.

### A. Restricted Cross-Examination

"A claimant in a disability hearing is not entitled to unlimited cross-examination, but is entitled to such cross-examination as may be required for a full and true disclosure of the facts." *Copeland v. Brown*, 861 F.2d 536, 539 (9th Cir. 1988) (citations omitted); *see*

3

16-cv-0841-BAS-AGS

5 U.S.C. § 556(d) (same). An ALJ's decision about whether and to what extent "cross-examination is warranted" is reviewed for abuse of discretion. *See Copeland*, 861 F.2d at 539. In *Solis v. Schweiker*, 719 F.2d 301 (9th Cir. 1983), the Ninth Circuit held that it was an abuse of discretion to deny a claimant the opportunity to cross-examine a medical expert—even with written interrogatories as a substitute—"where the physician is a crucial witness whose findings substantially contradict the other medical testimony[.]" *Id.* at 301.

Like *Solis*, this case involves a crucial witness whose adverse testimony contradicted other medical evidence. That witness was Dr. McDevitt—the sole doctor among six medical experts who thought that Doan might be able to work. The only relevant difference between *Solis* and this case is the nature of the court-imposed questioning constraints. In *Solis*, the claimant submitted written questions, but was not allowed to cross-examine, whereas Doan was permitted no interrogatories and only the most cursory cross-examination: one question and answer.

Doan's plight is worse. It is not merely a matter of quantity, but of quality. The disrupted cross-examination of Dr. McDevitt—set forth in its entirety below—amounts to one prefatory question and an incomprehensible (and sometimes inaudible) answer:

> Q[:] Doctor, the date that he applied for disability is July 2010. So you can opine from that period forward?
>
> A[:] I don't t[hi]nk any—without—there's available 1998 through that period—[psychiatrist Dr. Harry] Henderson about in—Henderson was only relying on—just told him and had records—really that doesn't document very clearly what he has done to help this man. If he is actually impaired every two months is not very helpful and they have that he goes out with friends and claims [INAUDIBLE] so it contradicts the fact that he's fairly adept.
>
> Q[:] Well, I am referring you to the evaluation of the Lesner Office [phonetic]—
>
> ALJ: He doesn't have that, Ms. Manbeck. . . .

(AR 60.) Doan's attorney never got to question Dr. McDevitt about the all-important Lessner report. After confirming that no one else had a copy of that report, the judge

stopped the examination, saying, "[W]e'll continue the hearing." (AR 62, 64.) But he never did.

If Doan were given an adequate opportunity for cross-examination, he could have confronted Dr. McDevitt with the Lessner report—which might have changed his opinion. Or at least he could have posed hypothetical questions, such as: "Doctor, you testified that Mr. Doan is not disabled because no medical tests support any impairment. If you learned that Mr. Doan took the Minnesota Multiphasic Personality Inventory-2 and had an 'unusually high F scale score in the Validity profile,' suggesting serious psychopathology, would that have any effect on your opinion?" (*See* ECF No. 16-2, at 6.) At a minimum, though, Doan was entitled to elicit more than a solitary answer from this key witness. Furthermore, as in *Solis*, the cross-examination's insufficiency "was compounded . . . by [the witness's] cursory and unilluminating response[]." 719 F.2d at 302. Restricting Doan to such a meager inquiry was reversible error.

## B. Missing Evidence and Remaining Claims

The Court need not address Doan's remaining arguments. But since it sheds some light on the dispositive cross-examination issue, the Court will briefly address the missing-evidence question. First, the Commissioner correctly points out that the claimant has the burden of furnishing medical evidence of a disability. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912. Doan could have done more to satisfy that burden. For instance, he could have raised the missing Lessner report at the beginning of the hearing when the ALJ failed to mention it while reviewing the exhibit list.[2] (AR 32.)

---

[2] Doan may have had good reasons for failing to submit the Lessner report immediately after the hearing—because he thought it was already in the record and the ALJ was "figur[ing] out what to do" to get it, or because he was waiting for the continued hearing to be scheduled, or because the ALJ had already rejected his attempt to offer a paper copy. (AR 64.) After the ALJ stated in his decision that the Lessner report was "not in evidence," however, Doan was remiss in not making it part of the record before the Appeals Council. (AR 22; *see* AR 1-8.) But by that time, Doan had long lost his opportunity for a meaningful cross-examination of Dr. McDevitt.

5

But the ALJ has a shared burden to develop the record. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure the claimant's interests are considered." (citation omitted)). The Lessner report was simply too important for the ALJ to proceed without it. The ALJ reviewed it in 2011; the treating psychiatrist referred to it in his opinion; and Doan's attorney showed the ALJ a paper copy of it, with a court stamp and exhibit number. (AR 22, 64, 90.) Thus, the ALJ should have accepted the proffered paper copy at the hearing, or at least sought it out afterwards. The agency's two attempts a year earlier to obtain Dr. Lessner's records—including one in which the doctor curiously signed the response form, attached no records, yet did *not* check the blank for "WE DO NOT HAVE THE INFORMATION REQUESTED"—were simply insufficient, given that the report was in the 2011 record and Doan's counsel had a paper copy of it. (AR 64, 90, 280-81.)

## CONCLUSION

Because Doan was denied due process, the Court recommends that Doan's summary judgment motion (ECF No. 16) be **GRANTED**, defendant's cross-motion for summary judgment (ECF No. 22) be **DENIED**, and the case be remanded for further proceedings consistent with this opinion. The parties must file any objections to this report by August 18, 2017. *See* Fed. R. Civ. P. 72(b)(2). A party may respond to any such objection within 14 days of being served with it. *See id*.

Dated: August 4, 2017

Hon. Andrew G. Schopler
United States Magistrate Judge

6

16-cv-0841-BAS-AGS