**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MINH TRIEU DOAN,<br><br>                 Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                 Defendant. | Case No. 16-cv-00841-BAS-AGS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**<br><br>**[ECF No. 42]** |

Presently before the Court is Plaintiff Minh Trieu Doan's request for attorney fees to be reimbursed by the Social Security Commissioner ("Commissioner") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $23,642.76, plus $100.00 in travel costs. (ECF No. 42, "Mot."; ECF No. 44, "Reply.") The Commissioner opposes, arguing first that the Social Security Administration's ("Administration") position was substantially justified, and second, that Plaintiff's attorney fee request is unreasonable. (ECF No. 43, "Opp'n.") For the reasons stated below, the Court **GRANTS** Plaintiff's motion for attorney fees and costs.

On July 19, 2010, Plaintiff commenced this action seeking review of the Administration's denial of her application for Supplemental Security Income under Title XVI of the Social Security Act. At issue in this case was the August 21, 2010 psychological report by Plaintiff's doctor, Dr. Lessner, and related denied opportunity to cross examine the Administration's witness, Dr. McDevitt. After the parties filed cross motions for summary judgment, U.S. Magistrate Judge Andrew G. Schopler issued a Report & Recommendation ("R&R") recommending that this Court grant Plaintiff's motion (ECF No. 16) and deny the Commissioner's motion (ECF No. 22). (ECF No. 38.) The Commissioner then filed objections to the R&R, to which Plaintiff had replied. (ECF Nos. 39, 40.) On September 29, 2017, the Court adopted the R&R and remanded this action for further proceedings. (ECF No. 41.)

I. ANALYSIS

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Thus, to be eligible for attorney fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorney fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Commissioner opposes Plaintiff's request for attorney fees. The Commission contends that the Administration's position was substantially justified, and, if the Court finds otherwise, Plaintiff's request is unreasonable and should not be awarded at the full amount requested. Based on the following reasons, the Court finds that the Commissioner's position was not substantially justified and that the request for attorney fees is reasonable.

### A. The Administration's Position Was Not Substantially Justified.

Plaintiff argues that the Administration's position was not substantially justified because the evidence did not substantially support its position. (Mot. at 4-5.) The Commissioner disputes this. (Opp'n at 4-5.) Instead, the Commissioner contends that the "agency properly developed the record and received confirmation from Dr. Lessner that he had no evidence to provide for Plaintiff's claim, and Plaintiff did not meet her burden of submitting Dr. Lessner's report to the agency." (*Id.* at 4.)

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis omitted). It also "must be 'substantially justified' at 'each stage of the proceedings.'" *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991)).

The "substantially justified" standard is significantly similar to the standard of review in Social Security cases—"substantial evidence." *Meier*, 727 F.3d at 872. Given this similarity, the Ninth Circuit "and other circuits have held that a 'holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Id.* (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)); *see also Thangaraja*, 428 F.3d at 874 ("Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." (internal quotations omitted)).

First, Plaintiff is considered the prevailing party by virtue of this Court's order granting Plaintiff's motion for summary judgment and remanding this action for further proceedings. (ECF No. 41); *see Afanador v. Sullivan*, 809 F. Supp. 61, 64 (N.D. Cal. 1992) (finding that the Court's remand order "resulted in plaintiff attaining the status of 'prevailing party,' as defined by the EAJA").

Second, the Commissioner does not meet her burden to show that the Administration's position was substantially justified. In its prior order, the Court found that the Dr. Lessner's report should have been a part of Plaintiff's application, but that the government misplaced the report in between Plaintiff's two eligibility hearings. (ECF No. 41 at 11-14.) Additionally, the Court found that the Administrative Law Judge ("AJL") should have accepted the Dr. Lessner's report at Plaintiff's hearing or at least allowed it to be added to Plaintiff's application following the hearing. (*Id.* at 18.) More importantly, related to this missing report, the AJL impermissibly cut off Plaintiff's counsel from cross examining the Administration's witness Dr. McDevitt—who was testifying to deny Plaintiff's disability claim—about the report. (*Id.* at 14.) The Court ultimately agreed with Magistrate Judge Schopler's finding that the ALJ committed reversible error in denying Plaintiff a meaningful opportunity to cross examine this adverse witness. (*Id.* at 17/); *see also Solis v. Schweiker*, 719 F.2d 301, 301-02 (9th Cir. 1983) (finding abuse of discretion when denying a claimant the opportunity to cross-examine a medical expert "where the physician is a crucial witness whose findings substantially contradict the other medical testimony"). Lastly, the Court found that the Administration's effort to develop a complete record was inadequate. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983))); *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (Thomas, J.) (joined by three justices) ("It is the

ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.").

Third, the Commissioner does not argue or otherwise demonstrate that this action "is [a] decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed." *See Al-Harbi*, 284 F.3d at 1085. This case does not involve any special circumstances that would make an award of attorney fees and costs unjust, nor does the Commissioner assert that such circumstances exist. Instead, she merely asserts that if this Court determines Plaintiff is entitled to attorney fees, they should be reduced. (Opp'n at 6.)

Therefore, all three requirements for an award under the EAJA are satisfied. Accordingly, this Court finds that Plaintiff is eligible for attorney fees and costs under the EAJA.

**B.  Plaintiff's Request for Fees and Costs is Reasonable.**

The Court must now determine whether the fees and costs requested by Plaintiff are reasonable. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.

Generally, the court should defer to the winning lawyer's professional judgment as to how much time was required for the case. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[A]fter all he [or she] won, and might not have, had he [or she] been more of a slacker."). Although surveying hourly rates awarded to attorneys of comparable experience and skill can be a useful tool, "it is far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific

factors including, among others, the complexity of the legal issues, the procedural history, the size of the record and when counsel was retained." *Costa*, 690 F.3d at 1136. If the government disputes the reasonableness of the fee, then it "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992).

Plaintiff submits the Declaration of Alexandra T. Manbeck, which details her legal education and experience, including various specific cases involving social security benefits she has worked on. (ECF No. 42-2 (stating additionally that counsel has handled "over 1000" social security cases involving Vietnamese applicants).) Further, Manbeck's declaration details the hours expended on the case (calculated to the half hour), date of the work, and description of the work completed. (*Id.* at 4-6.) She also requests a $50.00 per hour special factor enhancement above the statutory hourly rate[1] to account for her expertise in social security matters and her ability to serve as a translator for Plaintiff, who speaks Vietnamese. (Opp'n at 10.) Manbeck states that she expended a total of 97.5 hours on this case and seeks to recover $23,642.76 in fees. (ECF No. 42-2 at 4-6; Reply at 10 (requesting an additional five hours for drafting reply brief).)

The Commissioner contests that Plaintiff's fee request is reasonable for two reasons. First, she argues that Plaintiff's counsel is not entitled to a special factor enhancement of the statutory rate because Plaintiff's counsel has not established her specialties were needed for this case. (Mot. at 6-10.) Second, the Commissioner

---

[1] For the Ninth Circuit, the applicable statutory maximum hourly rate under the EAJA is $190.28 for 2016 and $195.95 for 2017. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) ("[A]ppropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CIP-U') for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of the EAJA's $125 statutory rate."). Plaintiff's counsel worked on this case beginning in April 2016 and continued her representation in 2017.

disputes the number of hours that Plaintiff's counsel claims to have expended on this case. The Court finds these arguments unconvincing.

A "special factor" enhancement is available under the EAJA if "some distinctive knowledge or specialized skill [is needed] for the litigation in question." *Pierce*, 487 U.S. at 572. Examples of these special factors include an "identifiable practice specialty" and a "knowledge of foreign law or language." *Id.* "Where such qualifications are necessary and can be obtained only at rates in excess of the [$125] cap, reimbursement above that limit is allowed." *Id.* Before approving the enhancement, a court must determine that (1) "the attorney . . . possess[es] distinctive knowledge and skills," (2) "those distinctive skills [are] needed in the litigation," and (3) "those skills [are not] available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Pirus v. Bowen*, 869 F.2d 536, 541–42 (9th Cir. 1989)). The plaintiff has the burden of proof to show that these three requirements exist. *See Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1089 (S.D. Cal. 2005).

Plaintiff meets her burden of showing that all three factors are present in this case. It is clear that Manbeck's knowledge of social security law and fluency in the Vietnamese constitute "distinctive knowledge and skills." *Pirus*, 869 F.2d at 541; *see also Pierce*, 487 U.S. at 572. Plaintiff also shows that these skills were needed for this litigation because, in part, Plaintiff is unable to communicate in English. *See Love*, 924 F.2d at 1496; (*see* Mot. at 12 (stating further that Plaintiff could not afford a Vietnamese translator and previously attempted unsuccessfully to apply for benefits in 2008)). The Court also finds that Plaintiff could not have received this specialized representation elsewhere at the statutory rate. *See Love*, 924 F.2d at 1496; (*see* ECF No. 42-2 ¶ 10.)

The Commissioner next argues that the amount of hours that Plaintiff's counsel expended on this case is unreasonable. Instead, the Commissioner states that the amount of hours should be reduced by over forty hours to a total of 50.5 hours.

(Opp'n at 14.) The Commissioner contends that this amount is "generous and appropriate compensation despite the excessive and unreasonable hours requested." (Opp'n at 12-13.) The Court disagrees, and finds Plaintiff's request of 97.5 hours is reasonable.

The Court agrees with Plaintiff that this case was complex and atypical and, despite counsel's expertise in social security law, required additional legal research and writing. (*See* Reply at 6-8.) Additionally, this case involved two hearings—one telephonic and one in-person—as well as required a response to the Commissioner's ten pages of objections to the R&R. (*See id.*) In a similar case relating to due process, which did not involve two hearings and responding to objections, the court found that expending sixty-seven hours on such a case was reasonable. *See* Order Granting Plaintiff's Application for Attorney's Fees at 10, *Viet Duong v. SSA*, 13-cv-2705-WQH(NLS) (S.D. Cal. Nov. 24, 2014) (involving Manbeck as counsel).

After reviewing Plaintiff's specific allocations of counsel's hours in this case, the hours appear reasonable. This case involved reviewing a 307-page administrative record involving a missing doctor's report and disrupted cross examination (8.0 hours), researching and drafting a twenty-five page motion for summary judgment involving the issue of due process (37 hours), drafting and editing a ten-page reply to the Commissioner's objections to the R&R (6.25 hours), and preparing for and attending two court hearings (1.75 hours and 4.0 hours), which all included consulting with Plaintiff for each action. (ECF No. 42-2 at 4-6); *see Palomares v. Astrue*, No. C-11-4515-EMC, 2012 WL 6599552, at *9 (N.D. Cal. Dec. 18, 2012) (explaining that the "9.5 hours for writing the three page Motion for Summary Judgment is reasonable given the 320 page administrative record, which counsel had to review in drafting his motion"); Order Granting Plaintiff's Application for Attorney's Fees at 10-11, *Viet Duong v. SSA*, 13-cv-2705 WQH(NLS) (finding similar time allocations were reasonable); *Nayab v. Astrue*, No. 07CV0733 JM(WMC), 2008 WL 4748172, at *2 (S.D. Cal. Oct. 28, 2008) (awarding the plaintiff

attorney fees for seventy-three hours of counsel's work); *cf. JGB Enters. v. United States*, 83 Fed. Cl. 20, 34 (Fed. Cl. 2008) (rejecting defendant's contention that plaintiff's counsel did not specify what research was conducted and finding that plaintiff's listed expenses "paired neatly with the [bill] describing the nature of the research"). Plaintiff also reasonably requests attorney fees for ten hours that her counsel prepared this instant motion for attorney fees, as well as an additional five hours for preparing the related reply. (*See* ECF No. 42-2 at 6; Reply at 10.)

Additionally, the Court considers the results obtained, a "factor [that] is particularly crucial where a plaintiff is deemed 'prevailing.'" *Atkins v. Apfel*, 154 F.3d 986, 989–80 (9th Cir. 1998) (quoting *Hensley*, 461 U.S. at 434). Given Plaintiff's success in obtaining a remand for further proceedings, this Court does not find that the hours expended to ensure that success are unreasonable. *See Afanador*, 809 F. Supp. at 64.

Accordingly, by failing to submit evidence to this Court "challenging the accuracy of the hours charged or the facts asserted by the prevailing party in its submitted affidavits," the Commissioner does not meet her burden of rebuttal to Plaintiff's motion. *See Deukmejian*, 987 F.2d at 1397–98. The Commissioner simply states that the number of hours submitted by Plaintiff is not justified. Consequently, as discussed above, this Court does not find that the hours claimed by Plaintiff are "excessive, redundant, or otherwise unnecessary." *See Hensley*, 461 U.S. at 434.

As for Plaintiff's request for costs, the EAJA authorizes an award of not only attorneys' fees, but also "other expenses." 28 U.S.C. § 2412(d)(1)(A). Plaintiff seeks $100.00 in costs—$30.00 for her counsel's travel to a court hearing and $70.00 paid to a translator to contact Plaintiff. (*See* Reply at 8; ECF No. 44-1.) This amount is reasonable and recoverable. *See Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985) (stating the costs and expenses covered by this statutory allowance are those "that are ordinarily billed to a client"). Thus, the Court will grant Plaintiff's request.

## II. CONCLUSION

In light of the foregoing, the Court finds Plaintiff, as the prevailing party, is entitled to attorney fees and costs in this case and that the requested fees and costs are reasonable. Therefore, the Court **GRANTS** Plaintiff's Motion for Attorney Fees and Costs (ECF No. 42) and awards Plaintiff attorney fees in the amount of $23,642.76, as well costs in the amount of $100.00. Subject to offsets allowed under the Treasury Offset Program, payment is to be made directly to Plaintiff's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

**IT IS SO ORDERED.**

DATED: June 7, 2018

Hon. Cynthia Bashant
United States District Judge